UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| KEITH CHANDLER,<br><br>    Plaintiff,<br><br>    v.<br><br>PETE WILSON, Governor of the State of California, In His Official and Individual Capacities; the STATE OF CALIFORNIA; the CALIFORNIA YOUTH AND ADULT CORRECTIONAL AGENCY; JOE SANDOVAL, Secretary, Youth & Adult Correctional Agency, In His Official and Individual Capacities; the CALIFORNIA BOARD OF PRISON TERMS; TED RICH, Chief Executive Officer, California Board of Prison Terms, In His Official and Individual Capacities; THOMAS GIAQUINTO, Commissioner, California Board of Prison Terms, In His Official and Individual Capacities; CAROL BENTLEY, Commissioner, California Board of Prison Terms, In Her Official and Individual Capacities; and DOES 1-25,<br><br>    Defendants. | NO. CIV. S-05-1654 WBS PAN<br><br><u>MEMORANDUM AND ORDER</u><br><u>RE: MOTION TO DISMISS</u> |

----oo0oo----

1

Plaintiff's complaint contains six causes of action against defendants: (1) violation of plaintiff's constitutional rights[1]; (2) "abuse of process"; (3) false imprisonment; (4) malicious prosecution; (5) intentional infliction of emotional distress; and (6) negligent infliction of emotional distress. (Compl.)  The first cause of action is brought pursuant to 42 U.S.C. § 1983.  The other causes of action are brought pursuant to California state law.

Defendants California Board of Prison Terms (now called California Board of Parole Hearings), Ted Rich, Thomas Giaquinto, and Carol Bentley move to dismiss.[2]

I. <u>Allegations in the Complaint</u>

Plaintiff was convicted in the Superior Court of the State of California, in and for the County of Yolo, of the crime of second degree murder, and was sentenced to 15 years to life on June 7, 1985.  (Compl. ¶ 16.)  On July 31, 1991, plaintiff was granted parole.  (Id. ¶ 17.)  The complaint alleges that Governor Wilson decided to run for the Republican party nomination for president in 1996 and made it known to subordinates that some existing grants of parole should be rescinded.  (Id. ¶¶ 19-20.)  Subsequently, "[d]efendant Rich . . . took steps to ensure that defendant Wilson's desire to have existing parole dates rescinded be followed."  (Id. ¶ 22.)  On September 13, 1994, defendant

---

[1] The complaint does not specify which constitutional rights were allegedly violated.

[2] The other defendants do not join in the motion.  At least two of these defendants, Governor Wilson and Joe Sandoval, have not been served.  (Pl.'s Mem. in Opp'n to Mot. to Dismiss at 6 n.1.)

California Board of Prison Terms met for an en banc hearing and voted to schedule a parole rescission hearing. (Id. ¶ 24.)

> On April 12, 1995, Plaintiff appeared before Defendant Board of Prison Terms for a Parole Rescission Hearing. At this Hearing, Plaintiff's 1991 grant of parole was rescinded by Defendants Giaquinto and Bentley. At this hearing no new evidence was introduced and the hearing was nothing more than a second guessing of the decision to grant Plaintiff parole in 1991. Plaintiff so objected multiple times during the hearing and was personally ridiculed by Defendants Giaquinto and Bentley for doing so.

(Id. ¶ 25.) On June 3, 2004, the United States District Court for the Eastern District of California, per Judge Singleton (sitting by designation), granted plaintiff's petition for habeas corpus, holding that defendant Board of Prison Terms had no legal authority to revisit the 1991 decision to grant petitioner parole on April 12, 1995. (Id ¶ 29); Chandler v. Mueller, No. Civ. 99-1284, slip op. (E.D. Cal. June 2, 2004). Plaintiff was released from state prison on June 5, 2004. (Id. ¶ 30.) On April 14, 2005, defendant Board of Prison Terms officially discharged plaintiff from parole. (Id. ¶ 35.)

Plaintiff seeks compensatory damages of $3,000,000, punitive damages in the amount of $9,000,000, costs and fees, and any other relief the court should deem just. (Id. at 10 (Prayer for Relief).)

II. Discussion

A. Standard For Motion to Dismiss

On a motion to dismiss, the allegations of the plaintiff must be taken as true and read in the light most favorable to the plaintiff. H.J. Inc. v. Nw. Bell Tel. Co., 492 U.S. 229, 249 (1989); Cruz v. Beto, 405 U.S. 319, 322 (1972). The court may not dismiss for failure to state a claim unless it

1  appears beyond doubt that the plaintiff can prove no set of facts
2  in support of the claim which entitle him or her to relief.
3  <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984).  Dismissal is
4  appropriate only when the plaintiff fails to put forth either:
5  (1) a cognizable legal theory, or (2) sufficient allegations of
6  fact under a cognizable legal theory.  <u>Balistreri v. Pacifica</u>
7  <u>Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

        B.   <u>Defendants California Board of Prison Terms, Rich,</u>
            <u>Giaquinto, and Bentley Are Absolutely Immune to Suit</u>

10       Section 1983 of Title 42 United States Code provides,
11 in pertinent part: "Every <u>person</u> who, under color of any statute,
12 ordinance, regulation, custom, or usage, of any State or
13 Territory or the District of Columbia, subjects, or causes to be
14 subjected, any citizen of the United States . . . to the
15 deprivation of any rights, privileges, or immunities secured by
16 the Constitution and laws, shall be liable . . . ." (emphasis
17 added).  Neither a state nor persons acting in their official
18 capacity are "persons" within the meaning of section 1983.  <u>Will</u>
19 <u>v. Mich. Dep't of State Police</u>, 491 U.S. 58, 71 (1989).  State
20 agencies are also not "persons" under section 1983.  <u>Ceballos v.</u>
21 <u>Garcetti</u>, 361 F.3d 1168, 1183 n.11 (9th Cir. 2004).  Therefore,
22 plaintiff's section 1983 cause of action against defendant Board
23 of Prison Terms, as well as his section 1983 causes of action
24 against defendants Rich, Giaquinto, and Bentley in their official
25 capacities, must be dismissed.

26      Plaintiff also cannot state a claim against defendants
27 Rich, Giaquinto, and Bentley in their individual capacities.  <u>See</u>
28 <u>Sellars v. Procunier</u>, 641 F.2d 1295, 1302 (9th Cir. 1981).

"[P]arole board officials are entitled to absolute immunity from suits by prisoners for actions taken when processing parole application." Id. "[P]arole board officials perform functionally comparable tasks to judges when they decide to grant, deny, or <u>revoke</u> parole." Id. at 1303 (emphasis added). "If an officer has absolute immunity from § 1983 suit, the trial court must dismiss any civil rights suit filed against that officer for actions taken within the scope of his or her official duty." Id. at 1297 n.4.

Plaintiff makes two arguments for why <u>Sellars</u> should not control in this case. First he argues that <u>Sellars</u> no longer applies because California's Proposition 89 gave the Governor power to block parole of convicted murderers. (Pl.'s Opp'n to Defs.' Mot. to Dismiss at 16.) Plaintiff argues that this change, along with other developments, stripped the parole board of the independent decision making power they once enjoyed; a power that led the <u>Sellars</u> court to liken the board members to judges and grant them similar immunity. (<u>Id.</u> at 16-17.) The court fails to understand why granting the <u>governor</u> more power over some parole decisions should subject parole board members to a heightened liability standard. Their discretionary decision making power was not diminished when the Governor was given the power to overturn their decisions any more than the discretion of a trial judge is diminished simply because an appellate court has the power to reverse him. Moreover, even if plaintiff's changed circumstances argument is correct, this court is still bound by <u>Sellars</u> unless and until that decision is overturned by the Ninth Circuit or the Supreme Court.

5

Plaintiff's second argument is that the parole officers abdicated their quasi-judicial role. There are a number of problems with this argument. First, the complaint does not indicate that defendants abdicated their role. (See Compl. ¶ 25) ("On April 12, 1995, plaintiff appeared before Defendant Board of Prison Terms for a Parole Rescission Hearing. At this Hearing, Plaintiff's 1991 grant of parole was rescinded by Defendants Giaquinto and Bentley.") Second, if all a plaintiff had to do was state the conclusion, in an opposition to a motion to dismiss, that the parole board officials abdicated their role, absolute immunity would be illusory. See Sellars, 641 F.2d at 1303 ("If parole board officials had to anticipate that each time they rejected a prisoner's application for parole, they would have to defend that decision in federal court, their already difficult task of balancing the risk involved in releasing a prisoner whose rehabilitation is uncertain against the public's right to safety would become almost impossible.").

Even if the parole board officials were malicious or dishonest toward plaintiff in their decision to revoke his parole, absolute immunity would still attach. Id. at 1303. There is no allegation that the damage allegedly done to plaintiff by the parole officers was inflicted by the officers' actions taken outside of their roles as adjudicators. Cf. Anderson v. Boyd, 714 F.2d 906, 910 (9th Cir. 1983) (while parole officers "may claim absolute immunity for those actions relating to their responsibility to determine whether to revoke parole, their immunity for conduct arising from their duty to supervise parolees is qualified"); Swift v. California, 384 F.3d 1184,

1187, 1191 (9th Cir. 2004) (holding that, in the situation where a parole agent and a supervising parole agent (not commissioners of the Board of Prison Terms) investigated plaintiff, seized him, and requested that the Board of Prison Terms issue an order for a revocation hearing, the agents were not entitled to absolute immunity).

Finally, plaintiff's opposition is not supported by United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260 (1954). In Accardi, the Court held that the Board of Immigration Appeals failed to follow its own regulations when it made decisions pursuant to a "confidential list of 'unsavory characters'" issued by the Attorney General, rather than exercising its own judgment. Id. at 266-67. The discretionary decision making power delegated to the Board by the Attorney General needed to be exercised according to each recipient's "own understanding and conscience." Id. at 267. To ensure that Accardi received the due process required by applicable regulations, the Court ordered the Board to conduct another deportation proceeding. Id. at 270.

However, Accardi was not decided under section 1983. Consequently, the Court did not address the applicability of immunity in situations where the discretionary decisions of a review board were allegedly over-influenced by non-members. Plaintiff's case cannot be saved by case law that did not address the immunity doctrine, as this defense would exempt defendants from suit even if they did violate plaintiff's due process

7

rights.[3] <u>Hodorowski v. Ray</u>, 844 F.2d 1210, 1213 (5th Cir. 1988) ("[A]bsolute immunity . . . preclude[s] section 1983 liability even if the [defendants] knew or should have known that they were violating the [plaintiffs'] rights . . . ."); <u>Church of Scientology Int'l v. Kolts</u>, 846 F. Supp. 873, 888 (C.D. Cal. 1994).

     IT IS THEREFORE ORDERED that the motion of defendants Board of Prison Terms, Rich, Giaquinto, and Bentley to dismiss the federal claims under 28 U.S.C. § 1983 against those defendants be, and the same hereby is, GRANTED.

     IT IS FURTHER ORDERED that all supplemental state law claims against defendants Board of Prison Terms Rich, Giaquinto, and Bentley be, and the same hereby are, DISMISSED pursuant to 28 U.S.C. § 1367(c).

DATED: November 2, 2005

_(signature: William B. Shubb)_
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[3] Moreover, as defendants rightly note, <u>Accardi</u> also handed down a remedy inapplicable to plaintiff. (Defs.' Reply to Pl.'s Opp'n to Defs.' Mot. to Dismiss at 3.) The new hearing that the Court granted in <u>Accardi</u> is unnecessary in this case, as plaintiff has already been released.

8