UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| KEITH CHANDLER, | NO. CIV. S-05-1654 WBS PAN |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER<br>RE: MOTION TO DISMISS |
| PETE WILSON, Governor of the State of California, In His Official and Individual Capacities; the STATE OF CALIFORNIA; the CALIFORNIA YOUTH AND ADULT CORRECTIONAL AGENCY; JOE SANDOVAL, Secretary, Youth & Adult Correctional Agency, In His Official and Individual Capacities; the CALIFORNIA BOARD OF PRISON TERMS; TED RICH, Chief Executive Officer, California Board of Prison Terms, In His Official and Individual Capacities; THOMAS GIAQUINTO, Commissioner, California Board of Prison Terms, In His Official and Individual Capacities; CAROL BENTLEY, Commissioner, California Board of Prison Terms, In Her Official and Individual Capacities; and DOES 1-25, | |
| Defendants. | |

----oo0oo----

1

1            Plaintiff Keith Chandler's complaint alleges six causes
2  of action against defendants: (1) violation of plaintiff's
3  constitutional rights, actionable under 42 U.S.C. § 1983, (2)
4  "abuse of process", (3) false imprisonment, (4) malicious
5  prosecution, (5) intentional infliction of emotional distress,
6  and (6) negligent infliction of emotional distress.  (Compl.)  On
7  November 3, 2005, this court held that defendants California
8  Board of Prison Terms (presently the California Board of Parole
9  Hearings) ("BPT"), Ted Rich, Thomas Giaquinto, and Carol Bentley
10 were absolutely immune from suit and dismissed plaintiff's claims
11 against them.  That order was amended on January 17, 2006 to
12 change the immunity afforded to defendant Rich from absolute to
13 qualified.  Pursuant to Federal Rule of Civil Procedure 12(b)(6),
14 defendants State of California and the Youth and Adult
15 Correctional Agency (presently the California Department of
16 Corrections and Rehabilitation) ("CDCR") now move for dismissal
17 of the federal and state claims against them.

I. <u>Factual and Procedural Background</u>

19            The facts of this case have been thoroughly presented
20 in this court's orders of November 3, 2005 and January 17, 2006,
21 respectively addressing certain defendants' motion to dismiss and
22 plaintiff's motion to reconsider the court's decision to dismiss.
23 Another restatement of the facts here is therefore not warranted.
24 The court simply notes that the defendants behind the instant
25 motion urge this court to dismiss plaintiff's federal claims
26 against them because these defendants are not "persons" within
27 the reach of § 1983.  (Defs.' Mot. to Dismiss 3-4.)
28 Additionally, they argue that they are not the proper subjects of

2

1 claims for punitive damages.  (Id. at 4.)
2 II.  Discussion
3     A.  Legal Standard
4         On a motion to dismiss, the court must accept the
5 allegations in the complaint as true and draw all reasonable
6 inferences in favor of the pleader. Scheuer v. Rhodes, 416 U.S.
7 232, 236 (1974); Cruz v. Beto, 405 U.S. 319 (1972).  The court
8 may not dismiss for failure to state a claim "unless it appears
9 beyond doubt that plaintiff can prove no set of facts in support
10 of his claim which would entitle him to relief." Van Buskirk v.
11 CNN, Inc., 284 F.3d 977, 980 (9th Cir. 2002); see also Hishon v.
12 King & Spalding, 467 U.S. 69, 73 (1984).  In other words,
13 dismissal is appropriate only when the plaintiff fails to put
14 forth either: (1) a cognizable legal theory, or (2) sufficient
15 allegations of fact under a cognizable legal theory. Balistreri
16 v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).
17     B.  Plaintiff's Federal Claims
18         Section 1983 of Title 42 reads, in part: "Every person
19 who, under color of any statute, ordinance, regulation, custom,
20 or usage, of any State or Territory or the District of Columbia,
21 subjects, or causes to be subjected, any citizen of the United
22 States . . . to the deprivation of any rights, privileges, or
23 immunities secured by the Constitution and laws, shall be liable
24 . . . ." (emphasis added).  A state is not a person who can be
25 sued for damages under § 1983. Will v. Mich. Dep't of State
26 Police, 491 U.S. 58, 71 (1989).  Likewise, state agencies are not
27 persons within the meaning of § 1983. Ceballos v. Garcetti, 361
28 F.3d 1168, 1183 n.11 (9th Cir. 2004); Maldonado v. Harris, 370

3

F.3d 945, 951 (9th Cir. 2004).  Therefore, plaintiff's § 1983 cause of action against defendants State of California and CDCR must be dismissed.

    C.    <u>Plaintiff's State Law Claims</u>

Plaintiff does not object to the dismissal of the federal claim against the state and CDCR.  (Pl.'s Reply to Mot. to Dismiss 1.)  However, he does argue that the court should refuse to dismiss the remaining state law claims against these defendants because they failed to brief this issue.  (<u>Id.</u>)  Admittedly, defendants do not provide grounds for dismissing the state claims in their entirety and only argue that punitive damages (one form of relief available under some of the state claims) are not available against the state or CDCR.[1]  (Defs.' Mot. to Dismiss 4.)  However, defendants still at least raised the issue, even if they did not elaborate on their reasons for dismissal.  Moreover, a district court may sua sponte determine whether to exercise supplemental jurisdiction over state law claims.  <u>Ballard v. Equifax Check Servs., Inc.</u>, 186 F.R.D. 589, 599 (E.D. Cal. 1999); <u>see also</u> <u>Acri v. Varian Assocs., Inc.</u>, 114 F.3d 999, 1000 (9th Cir. 1997) ("[A] federal district court with power to hear state law claims has discretion to keep, or decline to keep, them under the conditions set out in § 1367(c).").

Section 1367(c)(3) allows a district court to decline to exercise supplemental jurisdiction over a state law claim if "the district court has dismissed all claims over which it has original jurisdiction . . . ."  28 U.S.C. § 1367(c)(3).  In this

---

[1] In deciding this motion, the court expresses no opinion on the soundness of defendants' punitive damages arguments.

4

case, the only federal law claim over which the court had original jurisdiction was § 1983. To date, given the holding above, the court has dismissed this claim as to defendants State of California, CDCR, BPT, Rich, Giaquinto, and Bentley. Thus, the only remaining defendants with a federal claim against them are Governor Pete Wilson and Joe Sandoval, who have not yet been served.

Significantly, plaintiff has a pending motion to dismiss, without prejudice, these remaining federal claim defendants. In an order issued on October 28, 2005, this court gave plaintiff 30 days to locate and serve these defendants, which plaintiff failed to do. Plaintiff now asks this court to dismiss defendants Wilson and Sandoval "from the complaint without prejudice to future re-addition if and/or when they can be located." (Pl.'s Mot. to Dismiss Defs. Wilson & Sandoval 2.)

Federal Rule of Civil Procedure 4(m) instructs courts to "dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time" if "service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint . . . ." Pursuant to the language of the Rule, the court may only dismiss a complaint <u>without prejudice</u> for failure to complete service. <u>Bann v. Ingram Micro, Inc.</u>, 108 F.3d 625, 626 (5th Cir. 1997) ("[D]ismissal with prejudice can never be based on Rule 4(m)'s 120 day requirement."); <u>Lucrecia v. Samples</u>, No. C-93-3651, 1994 WL 269732, at *1 (N.D. Cal. June 8, 1994) ("FRCP 4 only authorizes a dismissal without prejudice."). Accordingly, defendants Wilson and Sandoval, pursuant to plaintiff's motion,

5

1  are hereby dismissed without prejudice.

2         Having dismissed these parties, plaintiff now has no
3  federal claim against any of the remaining defendants.
4  Consequently, pursuant to 28 U.S.C. § 1367(c)(3), the court
5  declines to exercise supplemental jurisdiction over plaintiff's
6  remaining state law claims.

7  III. Conclusion

8         Plaintiff did not oppose defendants State of California
9  and CDCR's motion to dismiss the federal claims against them.
10 Moreover, dismissal of plaintiff's § 1983 claim against these
11 defendants was warranted under controlling case law.  In
12 addition, because the court herein grants plaintiff's motion to
13 dismiss defendants Wilson and Sandoval, no federal claims remain
14 as to any of the defendants in this case.  Plaintiff has not
15 presented, nor is the court aware of, any factors weighing in
16 favor of the court's continuing exercise of supplemental
17 jurisdiction, and at oral argument, counsel for plaintiff
18 conceded that dismissal of his state law claims is also
19 warranted.  Consequently plaintiff's state law claims will be
20 dismissed.

21        IT IS THEREFORE ORDERED that:

22        (1) defendants State of California and CDCR's motion to
23 dismiss plaintiff's § 1983 claim as to them be, and the same
24 hereby is, GRANTED.

25        (2) plaintiff's motion to dismiss defendants Wilson and
26 Sandoval be, and the same hereby is GRANTED, and this action is
27 hereby DISMISSED WITHOUT PREJUDICE as against said defendants.

28        (3) plaintiff's remaining state law claims be, and the

6

1 | same hereby are, DISMISSED WITHOUT PREJUDICE pursuant to 28
2 | U.S.C. § 1367(c)(3), and this action is hereby DISMISSED.
3 | DATED:  January 23, 2006

*William B. Shubb*
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE